UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE C. WOODS, JR.,

Plaintiff,

v.                                                    Case No. 20-cv-931-pp

JUDGE DAVID BOROWSKI,

Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT
UNDER 28 U.S.C. §1915A (DKT. NO. 1) AND DISMISSING CASE**

Lawrence C. Woods, Jr., an inmate at the Milwaukee County Jail who is
representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the
defendant violated his right to due process by restricting his access to visitors,
mail and the telephone at the jail. This decision resolves his motion for leave to
proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint,
dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
         (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the
plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h).
The PLRA allows the court to give a prisoner plaintiff the ability to proceed with
his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When
funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 23, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $6.00. Dkt. No. 5. The court received that fee on September 11, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.**     **Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." Felton v. City of Chi., 827 F.3d 632, 635 (7th Cir. 2016) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Id. (quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. Id. (quoting Denton, 504 U.S. at 33). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." Id. (quoting Neitzke, 490 U.S. at 327-28). A "malicious" complaint is one brought for purposes of harassment. Heard v. Blagojevich, 216 F. App'x 568, 570 (7th Cir. 2007) (citing Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003)).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by

3

plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff has sued Milwaukee County Circuit Judge David Borowski. Dkt. No. 1 at 1.

The plaintiff alleges that he is a pretrial detainee at the Milwaukee County Jail, awaiting trial in Case No. 20CF001159. Dkt. No. 1 at 2. He explains that on May 22, 2020, he had a bail motion hearing in front of the defendant. Id. The plaintiff alleges that Judge Borowski violated his due process rights by denying him an opportunity to prepare for or respond to the state's proposed order to rescind the plaintiff's right to use the telephone or mail and have visitors. Id. He alleges that Judge Borowski based his decision only on the summary statement the assistant district attorney gave as part of her argument against granting the plaintiff's request for bail, with no other evidence. Id. The plaintiff says that Judge Borowski reasoned that it was necessary to place restrictions on the plaintiff's ability to communicate to prevent "further intimidation of witnesses." Id. at 2-3. The plaintiff alleges that there was no motion before the court asking for an order restricting communications and the state hadn't asked for such an order. Id. at 3. He reiterates that the court wasn't presented with any evidence in support of the communication restrictions, other than the assistant D.A.'s statement as part of her opposition to bail, and the plaintiff says that he wasn't given any

4

opportunity to prepare or respond to that statement. Id. The plaintiff says that the "actual order" was filed May 27, 2020. Id.

The plaintiff asks this court direct Judge Borowski to "relinquish the order to rescind [his] due process rights as a pretrial detainee to utilize the telephone, visitation and U.S. mail faculties as is afforded to any pretrial detainee or member of the general public unless and until one is convicted of a crime which is in the equal protection guarantee of the 14th Amendment." Id. at 4. He also asks the court to award punitive damages. Id.

C.    Analysis

The plaintiff may not proceed on a claim against Judge Borowski. Judges are absolutely immune from civil liability in the performance of their judicial functions. Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Stump v. Sparkman, 435 U.S. 349, 363 (1978). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. Harlow v. Fitzgerald, 457 U.S. 800, 810–11 (1982); Smith v. Schwarz, 46 F. App'x 374, 375 (7th Cir. 2002) (citing Wilson v. Kelkhoff, 86 F.3d 1438, 1443 (7th Cir. 1996); Walrath v. United States, 35 F.3d 277, 280–81 (7th Cir. 1994)). Judges are absolutely immune for performing actions "that are 'closely associated with the judicial process.'" Smith, 46 F. App'x at 375 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). The purpose of judicial immunity is to "protect[] judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making." Agrawal v. Pallmeyer, 313 F. App'x 866, 867 (7th Cir. 2009) (citing Forrester v. White, 484 U.S. 219, 226–27 (1988)).

5

Judge Borowski entered the May 27, 2020 order during a bail hearing in the plaintiff's state criminal case. That decision was a judicial action made as part of the judicial process, which makes Judge Borowski immune from suit.

Even if Judge Borowski were not entitled to immunity, this court cannot provide the plaintiff the relief he seeks. The plaintiff asks this court to direct Judge Borowski to rescind the May 27, 2020 order. Under the Anti-Injunction Act, 28 U.S.C. §2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The three exceptions are construed narrowly, and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" Zurich Am. Ins. Co. v. Superior Court for State of Cal., 326 F.3d 816, 824 (7th Cir. 2003) (quoting Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs., 398 U.S. 281, 297 (1970)). A district court may enjoin a state criminal proceeding only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that "the threat to the plaintiff's federally protected rights must be one that

cannot be eliminated by his defense against a single criminal prosecution." Id. at 46.

The plaintiff's claim does not fall under any of the three listed exceptions to the Anti-Injunction Act. Nor does he allege extraordinary circumstances that would permit the court to become involved in his state criminal case. The plaintiff disagrees with an order issued by the judge presiding over the state criminal case. He has a remedy in state court, one that, according to the state-court docket, he already has exercised. He objected to the motion, and on August 14, 2020, the court restored his telephone and mail privileges. State v. Woods, Case No. 2020CF001159 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

The court will dismiss the case and will record a strike against the plaintiff for filing a lawsuit that fails to state a claim.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The Clerk of Court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$344.00** balance of the filing fee

7

by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Milwaukee County Sheriff Earnell R. Lucas, 21 W. State Street, Room 107, Milwaukee, WI 53233, and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed

8

within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of October, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**